On Rehearing.
 

 HIGGINS, Justice.
 

 We granted a rehearing in this case, because the defendants complained that certain questions raised by them were not answered. In defendants’ brief, it is stated that the sole issue before the court was whether or not the plea of prescription had been properly overruled by the district judge and the plaintiffs’ suit dismissed. We concluded that the other issues had been abandoned. However, defendants complain that they had no idea of abandoning these points. A rehearing was therefore granted for the purpose of considering them.
 

 The plea of estoppel filed by the defendants is predicated on the ground that plaintiffs’ author in title warranted the grants or sales of the mineral rights of the lands in question, and therefore they tannot attack these grants or sales to the defendants or their authors in title. It is clear that if Mr. T. F. Patton, from whom the plaintiffs had inherited, had lived and occupied the land in question adverse to the defendants, and they had not attempted to exercise their real right or servitude to explore the land for gas and oil, that the servitude would have been lost by prescription liberandi causa of ten years. If this is true with reference to the plaintiffs’ authors in title, it is equally clear that plaintiffs are entitled to plead prescription against the defendants, because of their failure to exercise the servitude during the ten years that plaintiffs and their authors in title occupied and possessed the land. In short, the plea of prescription is based upon the inaction of the defendants who had it in their power at any time to interrupt prescription by properly asserting their rights. They admit they never attempted to do so. The trial judge therefore properly overruled the plea of estoppel.
 

 Defendants contend that the trial judge erred in permitting the introduction of evidence before the 'case was at issue on the merits. The trial judge referred the plea of estoppel to the merits and granted the defendants every opportunity to answer. The defendant Butler individually answered, disclaiming any title to the property and denying that he had in. any way slandered the plaintiffs’ title. Upon the refusal of the other defendants to file an answer, although requested to do so by the plaintiffs and the-court, the trial judge treated the case as if the plea of estoppel were an answer and that the defendants admitted that they were claiming ownership. The defendants were given full opportunity to introduce any evidence they deemed fit to sustain their position and they did introduce the various documents upon which they relied. The ruling of the district judge was correct.
 

 
 *1099
 
 Defendants argue that prescription was interrupted by the action of the plaintiffs in occupying the land and subsequently granting mineral leases to other parties. Defendants made no attempt to show that the plaintiffs at any time refused them permission to go upon the land and explore it for minerals. There is no evidence to show that defendants were interfered with by the plaintiffs in any attempted exercise of their rights. It does not appear that plaintiffs placed any obstacles in their way. Defendants’ failure to avail themselves of their rights to explore for oil and gas during the ten year period was purely voluntary. The only effort defendants made to prevent prescription running was to make the simulated sale three days before the ten-year period had elapsed. Again, we agree with bur learned brother below in his ruling.
 

 We note that the name of the Acme Land & Investment Company, Inc., appears in our decree. This company was dismissed from the suit on an exception of no cause of action based on the fact that plaintiff alleged that the company had sold its interest to the minor, Ruth Eugenia Butler, et al. Plaintiffs did not appeal from that judgment and therefore the company passed out of the litigation and its name should not have been included in our decree.
 

 The defendant H. D. Butler, individually, in his answer disclaimed any interest in the property and therefore he likewise eliminated himself from the case. His name is also included in our decree. His name should not appear individually but as the tutor of the minor, Ruth Eugenia Butler.
 

 In all other respects, our original opinion and decree are correct and the two inadvertences above mentioned will be corrected.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that our original judgment is reinstated with an amendment to our decree eliminating the name of Acme Land & Investment Company, Inc., and qualifying the name of H. D. Butler, as tutor of the minor, Ruth Eugenia Butler; defendants to pay all costs of court.